IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC; and APARTMENT ASSOCIATION OF LOUISIANA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, et al., <br><br> Defendants. | Case No. 3:20-cv-01455 <br><br> Judge Terry A. Doughty <br><br> Magistrate Judge Karen L Hayes <br><br> **DECLARATION OF JOSHUA CHAMBLESS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

I, JOSHUA CHAMBLESS, make this declaration based upon my personal knowledge, information and belief and state:

1. I am a resident of the Louisiana and am over the age of 18.

2. I am the sole owner of Chambless Enterprises LLC.

3. I have reviewed the Complaint in this matter and verify the factual allegations set out in paragraphs 12 and 37-41 based on my personal knowledge. I am also familiar with the September 4, 2020, order issued by the Center for Disease Control, prohibiting eviction of non-paying tenants who submit Renter's Declarations ("Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19").

4. Chambless Enterprises owns and manages 725 rental units in Louisiana, including 14 apartment complexes and several single-family homes in the cities of Monroe, West Monroe, Lakeshore and Calhoun.

5. Under our lease agreements, rent is due for our tenants on the first of the month; however, we allow a five-day grace period before late fees will begin to accrue. If a

tenant is behind on rent for a month I will typically begin the eviction process at that time, unless they have agreed to a repayment plan.

6. On March 17, 2020, Chambless Enterprises entered a lease with a tenant who it would like to evict ("Tenant A"). Tenant A's base-rent is $695.00.

7. Tenant A last paid rent on July 22, 2020. Tenant A failed to work-out a repayment plan. Accordingly, on August 17, 2020, Chambless Enterprises filed for eviction against Tenant A. Exhibit A.

8. At the eviction hearing, on September 17, 2020, before the City Court of West Monroe, the Tenant A submitted Renter's Declaration. Exhibit B. For this reason, the City Court of West Monroe refused to issue a writ to compel eviction through pendency of the CDC eviction moratorium.

9. Tenant A is still behind on rent, and currently carries a balance of $3,925.00. If Tenant A fails to pay anything between now and December 31, 2020, the outstanding balance on this account will be $4,620.00.

10. Chambless Enterprises has another tenant it would like to evict for non-payment of rent ("Tenant B"). Tenant B signed a lease on August 1, 2017, which has been renewed annually since then. Under the current lease, Tenant B agreed to pay a base-rent of $710.00.

11. Tenant B last paid rent on August 25, 2020. Tenant B attempted to set-up a payment plan in October; however, Tenant B failed to make any payments under that plan.

12. Chambless Enterprises cannot evict Tenant B because the tenant has signed a Renter's Declaration on September 9, 2020. Exhibit C. Tenant B's outstanding balance is $3,090.00, and if the tenant fails to pay anything between now and December 31, 2020, the outstanding balance on this account will be $3,800.00.

13. Chambless Enterprises also had another non-paying tenant who signed a Renter's Declaration ("Tenant C") on September 12, 2020. Exhibit D. Tenant C moved out on

her own accord; however, Chambless Enterprises would have moved to evict Tenant C for non-payment before then if the CDC Order had not prohibited such action.

14. Based on my experience and expertise in the field of property management, individuals who are three or more months behind on rent and have been unable to make even partial payments typically will not have funds to pay back that rent after an eviction proceeding and claim for back rent.

15. I can attest that Chambless Enterprises relies on rent collected from its tenants to ensure basic upkeep, to cover repairs, to replace appliances and to make other necessary improvements so that its tenants enjoy a safe, attractive and comfortable living space. Likewise, Chambless Enterprises relies on rent collected to cover expenses in maintaining common areas, which includes continuing gardening and landscaping expenses.

16. Additionally, Chambless Enterprises relies on rent collected from its tenants to cover its mortgage, its continuing tax obligations and other overhead expenses.

17. Because eviction is currently prohibited, Chambless Enterprises is unable to replace Tenants A and B with tenants who are capable and willing to pay rent.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed at Monroe, Louisiana on November 11, 2020.

_____
JOSHUA CHAMBLESS
Chambless Enterprises LLC

STATE OF LOUISIANA, PARISH OF OUACHITA, CITY COURT OF WEST MONROE

**Chambless Enterprise**, Plaintiff

Vs. No. 53560

FILED
CITY COURT WEST MONROE
2020 AUG 17 A 9:53

_[signature]_
Dy CLERK OF COURT

_____, Defendant
**occupants**

RULE FOR EVICTION

The petition of **Chambless Enterprise**, domiciled in the Parish of Ouachita, State of Louisiana, respectfully represents that:

I.

Made Defendants are: _____ who hold and occupy the premises owned by the Plaintiff, located at _____ West Monroe, La. **71291**

II.

The Defendant's right to occupy the premises has expired because they have failed and refused to pay the rentals due on the premises.

III.

On **per lease agreement** / **waiver of notice**, Plaintiff notified the Defendant in writing to vacate the premises. Said notice having been given in accordance with Code of Civil Procedure Articles 4701 thru 4703 a copy of said notice is attached.

IV.

Despite the notice to vacate, Defendant has failed and refused to depart from the premises and the Plaintiff is entitled to have the Defendant cited summarily to show cause why they should not be ordered to deliver possession of the premises to the Plaintiff.

WHEREFORE, Plaintiff prays that the Defendant be ordered to show cause on a date and hour fixed, why they should not be ordered to deliver possession of the premises to the Plaintiff, the further pray why the Defendant should not be caused to pay all costs of these proceedings.

**Tiffany Chambless**
**Chambless Enterprise**
Plaintiff in Proper Person

**406 Filhiol Ave Monroe, LA 71203**
Address

**318-345-2000**
Telephone Number

ORDER

Considering the Petition, it is ordered that the Defendant show cause on the **17th** day of **September**, 2020 at 9:00 A.M., before the City Court of West Monroe, why they should not be ordered to deliver possession to the Plaintiff of the premises located at _____, West Monroe, La, **71291** and further why they should not be assessed with all costs of these proceedings.

THUS DONE AND SIGNED this **17th** day of **August**, 2020 at the City Court of West Monroe.

_[signature]_
JUDGE/ CLERK
Jim Norris

A TRUE COPY
_[signature]_
Dy Clerk of City Court of West Monroe
Vicky Byrd ID # 50924

FILED 9/17/2020

*Lynn Magee*
Deputy Clerk of Court
City Court of West Monroe

## AFFIDAVIT

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing are true and correct:

- I have used best efforts to obtain all available government assistance for rent or housing.

- I either expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), was not required to report any income in 2019 to the U.S. Internal Revenue Service, or received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act.

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary out-of-pocket medical expenses.

- I am using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses.

- If evicted I would likely become homeless, need to move into a homeless shelter, or need to move into a new residence shared by other people who live in close quarters because I have no other available housing options.

- I understand that I must still pay rent or make a housing payment, and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract. I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected.

- I further understand that at the end of this temporary halt on evictions on December 31, 2020, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to State and local laws.

I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.

_____      9-17-2020
Signature of Declarant                Date

A TRUE COPY
*Betty Lynn Magee*
West Monroe
Betty Lynn Magee ID# 140195

## Declaration Under Penalty of Perjury for the Centers for Disease Control and Prevention's Temporary Halt in Evictions to Prevent Further Spread of COVID-19

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing are true and correct:

- I have used best efforts to obtain all available government assistance for rent or housing;[1]

- I either expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), was not required to report any income in 2019 to the U.S. Internal Revenue Service, or received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary[2] out-of-pocket medical expenses;

- I am using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses;

- If evicted I would likely become homeless, need to move into a homeless shelter, or need to move into a new residence shared by other people who live in close quarters because I have no other available housing options.[3]

- I understand that I must still pay rent or make a housing payment, and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract. I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected.

- I further understand that at the end of this temporary halt on evictions on December 31, 2020, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to State and local laws.

I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.

Signature of Declarant: ███████████████  
Printed Name: ███████████████  
Property Address: ███████████████

Date: 09/09/2020

---

[1] "Available government assistance" means any governmental rental or housing payment benefits available to the individual or any household member.

[2] An "extraordinary" medical expense is any unreimbursed medical expense likely to exceed 7.5% of one's adjusted gross income for the year.

[3] "Available housing" means any available, unoccupied residential property, or other space for occupancy in any seasonal or temporary housing, that would not violate Federal, State, or local occupancy standards and that would not result in an overall increase of housing cost to you.

housing stability and eviction prevention, as well as similar guidance for owners and renters in HUD-assisted multifamily properties.

Similarly, the Department of the Treasury has informed CDC that the funds allocated through the Coronavirus Relief Fund may be used to fund rental assistance programs to prevent eviction. Visit https://home.treasury.gov/policy-issues/cares/state-and-local-governments for more information.

EFFECTIVE DATE:

This Order is effective upon publication in the Federal Register and will remain in effect, unless extended, modified, or rescinded, through December 31, 2020.

ATTACHMENT

DECLARATION UNDER PENALTY OF PERJURY FOR

THE CENTERS FOR DISEASE CONTROL AND PREVENTION'S TEMPORARY

HALT IN EVICTIONS TO PREVENT FURTHER SPREAD OF COVID-19

This declaration is for tenants, lessees, or residents of residential properties who are covered by the CDC's order temporarily halting residential evictions (not including foreclosures on home mortgages) to prevent the further spread of COVID-19. Under the CDC's order you must provide a copy of this declaration to your landlord, owner of the

residential property where you live, or other person who has a right to have you evicted or removed from where you live. Each adult listed on the lease, rental agreement, or housing contract should complete this declaration. Unless the CDC order is extended, changed, or ended, the order prevents you from being evicted or removed from where you are living through December 31, 2020. You are still required to pay rent and follow all the other terms of your lease and rules of the place where you live. You may also still be evicted for reasons other than not paying rent or making a housing payment. This declaration is sworn testimony, meaning that you can be prosecuted, go to jail, or pay a fine if you lie, mislead, or omit important information.

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing are true and correct:

- I have used best efforts to obtain all available government assistance for rent or housing;[37]

- I either expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), was not required to report any income in 2019 to the U.S. Internal Revenue Service, or received an Economic

---

[37] "Available government assistance" means any governmental rental or housing payment benefits available to the individual or any household member.

Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary[38] out-of-pocket medical expenses;

- I am using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses;

- If evicted I would likely become homeless, need to move into a homeless shelter, or need to move into a new residence shared by other people who live in close quarters because I have no other available housing options.[39]

---

[38] An "extraordinary" medical expense is any unreimbursed medical expense likely to exceed 7.5% of one's adjusted gross income for the year.

[39] "Available housing" means any available, unoccupied residential property, or other space for occupancy in any seasonal or temporary housing, that would not violate Federal, State, or local occupancy standards and that would not result in an overall increase of housing cost to you.

- I understand that I must still pay rent or make a housing payment, and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract. I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected.

- I further understand that at the end of this temporary halt on evictions on December 31, 2020, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to State and local laws.

I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.



Signature of Declarant        9/12/2020
                              Date

**Authority**

The authority for this Order is Section 361 of the Public Health Service Act (42 U.S.C. 264) and 42 CFR 70.2.

Dated: September 1, 2020.

**Nina B. Witkofsky,**

*Acting Chief of Staff,*

*Centers for Disease Control and Prevention*

[FR Doc. 2020-19654 Filed: 9/1/2020 4:15 pm; Publication Date: 9/4/2020]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC; and APARTMENT ASSOCIATION OF LOUISIANA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, et al., <br><br> Defendants. | Case No. _____ <br><br> **DECLARATION OF TAMMY ESPONGE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

I, TAMMY ESPONGE, make this declaration based upon my personal knowledge, information and belief and state:

1. I am a resident of the State of Louisiana and am over the age of 18.

2. I have reviewed the Complaint in this matter and verify the factual allegations set out in paragraphs 13, and 42-45 based on my personal knowledge. I am also familiar with the September 4, 2020, order issued by the Center for Disease Control, prohibiting eviction of non-paying tenants who submit Renter's Declarations ("Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19").

3. I am the Association Executive for the Apartment Association of Louisiana ("AAL"). In this role I advocate on behalf of Louisiana's landlord community, including AAL's 376 owner/manager companies. AAL's membership owns and or manages approximately 118,000 rental units across Louisiana.

4. AAL coordinates with various local apartment associations across Louisiana. When a member joins their local apartment association they are automatically enrolled as a member of AAL at the state-level.

5. In addition to my role with the AAL, I am the Association Executive for the Greater New Orleans Apartment Association, the Houma Apartment Association, and the Thibodaux Apartment Association. In my capacity as Association Executive for AAL, and on behalf of these local apartment associations, I have heard from many landlord and management companies that are facing challenges under CDC's eviction moratorium ("CDC Order").

6. I have heard from many Louisiana landlords and management companies that have received Renters Declarations from non-paying tenants. They are unable to evict these non-paying tenants because of the CDC Order.

7. Based on my experience in the field of property management, individuals who are three or more months behind on rent and have been unable to make even partial payments typically will not have funds to pay back that rent after an eviction proceeding and claim for back rent. Accordingly, AAL members will not likely recover rents owed by non-paying tenants covered by the CDC Order. And AAL members are precluded from replacing non-paying tenants, who have signed Renter's Declarations, with tenants who are willing and able to pay.

8. I know that AAL members typically rely on rental income from their properties to pay for their mortgages, taxes, and other overhead expenses, such as repairs, replacement of appliances, and other necessary improvements. AAL members also typically rely on rental income to cover other property management costs, including landscaping contracts, and maintenance of various amenities.

9. I can attest that AAL members have changed their policies with regard to screening prospective tenants in response to the CDC Order. Because the CDC Order prohibits

eviction of covered tenants, AAL members are more likely to decline housing to tenants with poor or questionable credit history.

10. AAL members are also more likely to require higher security deposits for new tenants given the heightened risks they now face in renting to tenants with questionable credit. Unfortunately, this means that some prospective tenants cannot afford to make the requisite deposits and must look elsewhere for their housing needs.

11. AAL members are concerned that CDC may renew its eviction moratorium in January 2021, and or that CDC is likely to issue a new moratorium—under the same purported statutory authority—after President-elect Joseph Biden is sworn into office.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed at Metairie, Louisiana on November 11, 2020.

*Tammy Esponge* (signature)
Tammy Esponge

## CERTIFICATE OF SERVICE

I certify that on this 12th day of November, 2020, I served copies of the foregoing on all Defendants in this action pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) by delivering copies to the U.S. Postal service to be sent by certified mail to their last known address.

By */s/* JAMES C. RATHER, JR        .
JAMES C. RATHER, JR.