# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC, *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-1455 |
| v. | Judge Terry A. Doughty |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | Magistrate Judge Karen L. Hayes |
| Defendants. | |

## ANSWER

Defendants Centers for Disease Control and Prevention; Rochelle P. Walensky, in her official capacity as Director, Centers for Disease Control and Prevention; Sherri A. Berger, in her official capacity as Acting Chief of Staff, Centers for Disease Control and Prevention; Department of Health and Human Services; Norris Cochran, in his official capacity as Acting Secretary of Health and Human Services; and Monty Wilkinson, in his official capacity as Acting Attorney General of the United States,[1] hereby answer Plaintiffs' complaint as follows.

1. Admit the first sentence. The second sentence consists of Plaintiffs' characterization of the Executive Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

2. This paragraph consists of Plaintiffs' characterization of the Executive Order, not

---

[1] Defendants Walensky, Berger, Cochran, and Wilkinson are automatically substituted as Defendants in their official capacities pursuant to Federal Rule of Civil Procedure 25(d).

1

allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the Executive Order contains the quoted text, deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

3.   As to the first sentence, admit that CDC issued an order that took effect on September 4, 2020 (the "September 2020 CDC Order"), and otherwise deny.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

4.   The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that Congress did not impose an eviction moratorium that applied during the time period between the expiration of the CARES Act moratorium and the effective date of the September 2020 CDC Order.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that the September 2020 CDC Order was issued pursuant to authority granted by the Public Health Service Act, but otherwise deny.

5.   The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the Public Health Service Act and the regulations promulgated thereunder, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

6.   Admit the first sentence.  The second and third sentences consist of conclusions of

law, not allegations of fact to which a response is required. To the extent a response to the second sentence is deemed required, the term "normal operations" is undefined and vague, and so Defendants are unable to admit or deny the allegations of this sentence. To the extent a response to the third sentence is deemed required, Defendants admit that under the Constitution, Congress writes legislation, which upon passage is presented to the President for his signature or veto, *see* U.S. Const. Art. I, sec. 7, and that the President "shall take care that the laws be faithfully executed," U.S. Const. Art. II, sec. 3.

7. The first, second, and third sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny. Deny the fourth sentence.

8. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

9. This paragraph consists of conclusions of law regarding jurisdiction, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that jurisdiction is proper under 28 U.S.C. § 1331 for claims brought by all Plaintiffs other than the Apartment Association of Louisiana, which lacks standing, and otherwise deny.

10. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to declaratory or injunctive relief.

11. This paragraph consists of conclusions of law regarding venue, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that venue is proper in this district.

12. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

13. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

14. Admit.

15. As to the first sentence, admit that Robert R. Redfield was Director of the CDC when the complaint was filed; further aver that the Director of the CDC is now Rochelle P. Walensky. As to the second sentence, admit that the September 2020 CDC Order was signed by Robert R. Redfield. The third sentence consists of Plaintiff's characterization of the action, not allegations of fact to which a response is required.

16. As to the first sentence, admit that Nina B. Witkofsky was Acting Chief of Staff for CDC when the complaint was filed and that Ms. Witkofsky signed the Federal Register notice publishing the September 2020 CDC Order; otherwise deny, and further aver that Sherri A. Berger is now acting Chief of Staff for CDC. The second sentence consists of Plaintiffs' characterization of the action, not allegations of fact to which a response is required.

17. As to the first sentence, admit that Alex Azar was Secretary of Health and Human Services when the complaint was filed; further aver that the Acting Secretary of Health and Human Services is now Norris Cochran. The second sentence consists of Plaintiff's characterization of the action, not allegations of fact to which a response is required.

18. Admit.

19. As to the first sentence, admit that William P. Barr was Attorney General of the United States and head of the Department of Justice when the complaint was filed, and that the Department of Justice had authority to enforce the September 2020 CDC Order; further aver that the Acting Attorney General is now Monty Wilkinson. The second sentence consists of Plaintiff's characterization of the action, not allegations of fact to which a response is required.

20. Admit. Defendants further aver that the currently operative CDC Order was

promulgated on January 29, 2021, and published in the Federal Register on February 3, 2021. *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 86 Fed. Reg. 8020 (Feb. 3, 2021).

21. This paragraph consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

22. This paragraph consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

23. This paragraph consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

24. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

25. This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

26. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

27. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

28. The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents. The second sentence consists of Plaintiffs' characterization of a Frequently Asked Questions ("FAQs") document issued by CDC; Defendants admit that CDC (along with the Department of Health and Human Services, the Department of Justice, and the Department of Housing and Urban Development) issued the FAQs, deny any characterization of the FAQs, which speak for themselves, and respectfully refer the Court to the FAQs for a full and accurate statement of their contents. As to the third and fourth sentences, admit that the FAQs contain the quoted text, deny any characterization of the FAQs, which speak for themselves, and respectfully refer the Court to the FAQs for a full and accurate statement

of their contents. Deny the fifth sentence.

29. This paragraph consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

30. The first sentence consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents. The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

31. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization 42 U.S.C. § 264 and 42 C.F.R. § 70.2, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

32. This paragraph consists of Plaintiffs' characterization of 42 U.S.C. § 264, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that 42 U.S.C. § 264 contains the quoted text, deny any characterization of 42 U.S.C. § 264, which speaks for itself, and respectfully refer the Court to 42 U.S.C. § 264 for a full and accurate statement of its contents. Footnote 1 consists of legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed required, admit.

33. This paragraph consists of Plaintiffs' characterization of 42 U.S.C. § 264, not allegations of fact to which a response is required; to the extent a response is deemed required,

Defendants deny any characterization of 42 U.S.C. § 264, which speaks for itself, and respectfully refer the Court to 42 U.S.C. § 264 for a full and accurate statement of its contents.

34. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the cited authorities contain the quoted text, deny any characterization of those authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

35. This paragraph consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

36. The first sentence consists of legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed required, deny. The second sentence consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

37. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

38. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

39. Defendants lack sufficient knowledge or information to form a belief about the truth

of the allegations in this paragraph.

40. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

41. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

42. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

43. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

44. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that a person who violates the September 2020 CDC Order may be subject to criminal penalties.

45. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

46. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

47. The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of 5 U.S.C. § 704, which speaks for itself, and respectfully refer the Court to 5 U.S.C. § 704 for a full and accurate statement of its contents.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order was final agency action within the meaning of 5 U.S.C. § 704.

48. This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, Defendants deny any characterization of 5 U.S.C. § 706, which speaks for itself, and respectfully refer the Court to 5 U.S.C. § 706 for a full and accurate statement of its contents.

49. This paragraph consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

50. To the extent that this paragraph consists of factual allegations concerning Plaintiffs' leases, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations. To the extent that this paragraph consists of legal conclusions, no response is required, but if a response is deemed required, Defendants deny any characterization of the relevant authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

51. To the extent that this paragraph consists of factual allegations concerning Plaintiffs' tenants, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. To the extent that this paragraph consists of legal conclusions regarding the September 2020 CDC Order, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

52. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text, deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020

CDC Order for a full and accurate statement of its contents.

53. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

54. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the September 2020 CDC Order contains the quoted text (without the emphasis added by Plaintiffs), deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

55. To the extent this paragraph consists of conclusions of law, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents; to the extent this paragraph consists of allegations of fact, Defendants lack information sufficient to admit or deny the allegations of this paragraph.

56. Admit that the September 2020 CDC Order was issued pursuant to 42 U.S.C. § 264 and 42 C.F.R. § 70.2.

57. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

58. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

59. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

60. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

61. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

62. To the extent the first sentence consists of conclusions of law, no response is required, but if a response is deemed required, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents; to the extent the first sentence consists of allegations of fact, Defendants lack information sufficient to admit or deny the allegations of this sentence. The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

63. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

64. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

65. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that Article I, section 1 of the U.S. Constitution contains the quoted text, deny any characterization of Article I, section 1 of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to Article I, section 1 of the U.S. Constitution for a full and accurate statement of its contents.

66. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of Article I, section 1 of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to Article I, section 1 of the U.S. Constitution for a full and accurate statement of its

contents.

67. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of Article I, section 1 of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to Article I, section 1 of the U.S. Constitution for a full and accurate statement of its contents.

68. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of Article I, section 1 of the U.S. Constitution, which speaks for itself, and respectfully refer the Court to Article I, section 1 of the U.S. Constitution for a full and accurate statement of its contents.

69. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

70. The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of 42 U.S.C § 264 and 42 C.F.R. § 70.2, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents. The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

71. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of 42 U.S.C § 264 and 42 C.F.R. § 70.2, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

72. This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

73. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

74. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of 5 U.S.C. § 553, which speaks for itself, and respectfully refer the Court to 5 U.S.C. § 553 for a full and accurate statement of its contents.

75. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of 5 U.S.C. § 553, which speaks for itself, and respectfully refer the Court to 5 U.S.C. § 553 for a full and accurate statement of its contents.

76. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of 5 U.S.C. § 551 and 5 U.S.C. § 553, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of its contents.

77. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

78. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response to the first and second sentences is deemed required, Defendants admit that 5 U.S.C. § 553(b)(B) contains the quoted text, deny any characterization of 5 U.S.C. § 553(b)(B), which speaks for itself, and respectfully refer the Court to 5 U.S.C. § 553(b)(B) for a full and accurate statement of its contents. To the extent a response to the third sentence is deemed required, deny.

79. This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

80. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

81. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of 5 U.S.C. § 706(2)(A), which speaks for itself, and respectfully refer the Court to 5 U.S.C. § 706(2)(A) for a full and accurate statement of its contents.

82. The first sentence consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents. The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

83. As to the first sentence, admit that CDC issued the September 2020 CDC Order in September 2020, and otherwise deny; further aver that the World Health Organization declared COVID-19 a pandemic on March 11, 2020. The second sentence consists of Plaintiffs' characterization of the September 2020 CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the September 2020 CDC Order, which speaks for itself, and respectfully refer the Court to the September 2020 CDC Order for a full and accurate statement of its contents.

84. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

85. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

86. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The remaining paragraphs of the complaint contain a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## DEFENSES

1. The Court lacks subject matter jurisdiction over certain claims.

2. Plaintiffs fail to state a claim upon which relief may be granted.

3. Defendants' actions did not violate the U.S. Constitution, the Administrative Procedure Act, or any other statutory or regulatory provision.

## CONCLUSION

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate. Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

Dated: February 9, 2021                     Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Acting Assistant Attorney General

                                            ERIC BECKENHAUER
                                            Assistant Director, Federal Programs Branch

                                            */s/ Steven A. Myers*
                                            STEVEN A. MYERS
                                            Senior Trial Counsel (NY Bar No. 4823043)
                                            LESLIE COOPER VIGEN
                                            Trial Attorney (DC Bar No. 1019782)
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch

                                                           1100 L Street, NW  
                                                           Washington, DC 20005  
                                                           Tel: (202) 305-8648  
                                                           Fax: (202) 616-8470  
                                                           E-mail: steven.a.myers@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated:  February 9, 2021

/s/ *Steven A. Myers*
Steven A. Myers