IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC, *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-1455 |
| v. | Judge Terry A. Doughty |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | Magistrate Judge Karen L. Hayes |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING APPEAL**

Defendants respectfully request that the Court stay further proceedings in this case pending Plaintiffs' appeal of the denial of their motion for a preliminary injunction. *See Chambless Enters. LLC v. Wolensky*, No. 21-30037 (5th Cir.). Conducting further proceedings in this Court while overlapping issues are under consideration by the U.S. Court of Appeals for the Fifth Circuit would result in largely duplicative parallel proceedings and create the risk of inconsistent decisions. Conversely, a stay of proceedings would promote efficiency, conserve judicial and party resources, and permit the parties and the Court to receive the benefit of the Fifth Circuit's reasoning in any further proceedings. Accordingly, this Court should exercise its discretion to temporarily stay district court proceedings during the pendency of the Fifth Circuit appeal.

**RELEVANT BACKGROUND**

On September 4, 2020, the U.S. Centers for Disease Control and Prevention (CDC) issued an Order temporarily halting certain residential evictions to prevent the further spread of COVID-19. *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed.

Reg. 55292 (Sept. 4, 2020).[1]  On November 12, 2020, Plaintiffs filed a complaint challenging that Order on various statutory and constitutional grounds.  *See* ECF No. 1.  They filed a motion for a preliminary injunction on the same day.  *See* ECF No. 5.

On December 22, 2020, the Court denied Plaintiffs' preliminary injunction motion in a lengthy and thorough opinion in which it found for Defendants on all four of the preliminary injunction factors, *see* ECF Nos. 35, 36.  The Court's ruling included an extended discussion of why Plaintiffs were unlikely to succeed on the merits.  *See* ECF No. 35 at 5–24.  On January 22, 2021, Plaintiffs noticed an appeal of the denial of their preliminary injunction motion to the Fifth Circuit.  *See* ECF No. 42; *see also* 28 U.S.C. § 1292(a)(1).

## ARGUMENT

A "[d]istrict Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  A court properly exercises this power in the interest of, among other things, "economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, e.g.*, *Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) ("Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency.").  Other district courts within this circuit routinely exercise their discretion to stay district court proceedings to promote judicial economy and efficiency when a case pending before the court of

---

[1] The CDC Order was originally set to expire on December 31, 2020.  *See* 85 Fed. Reg. at 55297.  On December 27, 2020, the President signed into law an Act of Congress extending the Order until January 31, 2021.  *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. N, tit. V, § 502, 134 Stat. 1182, 2079 (2020).  On January 29, 2021, the CDC Director issued a new Order extending and superseding the September 4, 2020 Order.  *See* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 (Jan. 29, 2021), *available at* https://www.cdc.gov/coronavirus/2019-ncov/more/pdf/CDC-Eviction-Moratorium-01292021.pdf.  Pursuant to the January Order, the CDC's temporary eviction moratorium is now set to expire on March 31, 2021 "unless extended, modified, or rescinded."  *See id.* at 13.

2

appeals presents issues similar to those before the district court. *See, e.g.*, *ING Bank N.V. v. M/V Bulk Finland, IMO No. 9691577*, No. 15-5975, 2017 WL 2798469, at *2 (E.D. La. June 28, 2017) ("Granting a stay pending the resolution of [a] Fifth Circuit case, . . . will conserve the Court's resources and prevent the parties from engaging in unnecessary appeals or undertak[ing] unnecessary discovery and pretrial actions."); *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (finding that "the interests of the parties, and appropriate conservation of judicial resources, weigh in favor of granting a stay" where "[t]he issues [on appeal] will very likely bear on this case"); *Eaton Vance Municipals Tr. v. Conegie*, No. 06-117, 2007 WL 1484539, at *1 (N.D. Miss. May 18, 2007) ("While the pending appeal does not preclude this Court's consideration of the issues raised by defendant's Motion to Dismiss, the Court concludes that the interests of judicial economy and efficiency militate in favor of a stay."). And a court in the Northern District of Georgia recently granted a joint request to stay district court proceedings in a matter raising similar challenges to the CDC Order at issue here following those plaintiffs' appeal of the denial of their preliminary injunction motion to the 11th Circuit. *See Brown v. Cochran*, No. 20-3702, ECF No. 60 (N.D. Ga. Dec. 9, 2020).

Here, a stay pending the resolution of Plaintiffs' Fifth Circuit appeal would serve the interests of judicial economy and efficiency because the Fifth Circuit's opinion is likely to bear on the resolution of the merits issues remaining before this Court. This Court's lengthy and well-reasoned ruling denying Plaintiffs' motion for a preliminary injunction concluded that they were unlikely to prevail on the merits of three of the four counts in their complaint. *See* ECF No. 35 at 5–24. Specifically, this Court found that: (1) "Plaintiffs have not clearly shown a substantial likelihood of success on the merits as to their claim that the Order was promulgated without statutory and regulatory authority," *id.* at 17; (2) "Plaintiffs have failed to establish an unconstitutional delegation of authority," *id.* at 21; and (3) "Plaintiffs have failed to show that the Order is invalid for failure to comply with the notice-and-comment requirements of the APA," *id.* at 24. Plaintiffs' appeal of the denial of their motion for

preliminary injunction will soon present the same issues for the Fifth Circuit's consideration, assuming Plaintiffs continue to press them. And now that Plaintiffs' preliminary injunction has been denied in this Court, any further motions practice would necessarily bear upon the same merits issues before the Fifth Circuit. As in the *Greco* matter, in which a court in the Northern District of Texas granted an opposed motion to stay district court proceedings pending a Fifth Circuit appeal, "the risk of duplicative litigation is too great for this Court to ignore." 116 F. Supp. 3d at 761.

Nor could discovery or other district court proceedings antecedent to dispositive motions practice be conducted during the pendency of the appeal. This case presents purely legal issues that should be decided upon consideration of the administrative record—which Defendants would be prepared to file in short order following the resolution of the appeal.[2] *See* 5 U.S.C. § 706. Thus, if proceedings were not stayed, this case would proceed as similar statutory and constitutional challenges to the CDC Order have in other district courts: directly to dispositive motions without discovery. *See Tiger Lily LLC v. U.S. Dep't of Housing & Urban Dev.*, No. 20-2692 (W.D. Tenn.) (proceeding to cross-motions for judgment on the pleadings and judgment on the administrative record following denial of preliminary injunction motion); *Ala. Ass'n of Realtors v. U.S. Dep't of Health & Human Servs.*, No. 20-3377 (D.D.C.) (proceeding directly to cross-motions for summary judgment). It would waste judicial and litigation resources for the parties to brief, or for the Court to consider, dispositive motions prior to a Fifth Circuit opinion that may substantially inform, and perhaps control, the resolution of any such motions. *See Greco*, 116 F. Supp. 3d at 761.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter a temporary

---

[2] It is unknown what the status of the CDC Order, currently set to expire on March 31, 2021, will be when the Fifth Circuit issues its decision. Should the Order be "extended, modified, or rescinded" prior to that decision, any such action could bear upon the contents of the administrative record. *See* CDC Order at 13.

stay of all proceedings in this matter pending the Fifth Circuit's resolution of Plaintiffs' appeal, and direct the parties to file a joint status report proposing a schedule for any further proceedings within 14 days of the entry of a mandate by the Fifth Circuit.

Dated: February 9, 2020

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Steven A. Myers*
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8648
Fax: (202) 616-8470
E-mail: Steven.A.Myers@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated:  February 9, 2021

                                                                                         /s/ Steven A. Myers