IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC, *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-1455-TAD-KDM |
| v. | Judge Terry A. Doughty |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | Magistrate Judge Kayla D. McClusky |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING APPEAL**

Federal district courts have busy dockets and limited resources. In December, this Court expended those limited resources, issuing a comprehensive ruling denying Plaintiffs' motion for a preliminary injunction and rejecting nearly every argument that Plaintiffs present in this case. *See* ECF No. 35 ("PI Op."). As the Court held, (1) "the plain text of the statute is unambiguous," unquestionably authorizing the Order at issue, *see id.* at 9; (2) the Order "is well supported and falls firmly within the scope of [the Centers for Disease Control and Prevention's] authority" under the relevant regulation, *id.* at 13; (3) the relevant statute "clearly passes muster" under the nondelegation doctrine, *id.* at 20; and (4) "Plaintiffs have failed to show that the Order is invalid for failure to comply with the notice-and-comment requirements of the [Administrative Procedure Act]," *id.* at 24. Plaintiffs have appealed, and the Fifth Circuit will announce in due course whether this Court got it right.

The question now is whether it is an efficient use of time for the parties and the Court to engage in another round of motions practice in district court that would be duplicative of both (1) the litigation that has already occurred in this Court and (2) the appellate litigation occurring now in the

1

Fifth Circuit. It is not. Indeed, there is little chance of the parties completing summary judgment briefing before both the Order's current expiration date and the completion of briefing before the Fifth Circuit. Under these circumstances, and because temporarily staying this action will cause Plaintiffs no prejudice, the Court should grant Defendants' motion to stay district court proceedings pending resolution of Plaintiffs' Fifth Circuit appeal.

## ARGUMENT

Defendants' motion to stay district court proceedings, *see* ECF No. 44 ("Mot."), demonstrated that district courts have inherent discretion to manage their crowded dockets, including by temporarily staying actions in the interest of judicial efficiency. *See id.* at 2-3. Plaintiffs agree. *See* ECF No. 47 ("Opp.") at 3. The few arguments that Plaintiffs offer as to why the Court should not exercise that discretion here are unconvincing.

1. A temporary stay would cause Plaintiffs no prejudice. Indeed, this Court has already held that the Order is not causing Plaintiffs irreparable harm, reasoning that a final judgment would redress any injuries they have suffered even though the Order will remain in effect in the meantime. *See* PI Op. at 24-29.[1] Plaintiffs suggest that a stay would prejudice them "because, given the temporary nature of the CDC's Order, it could mean that they are never able to litigate the merits." Opp. at 4. At the outset, it bears emphasis that Plaintiffs have already litigated their merits theories; although this Court decisively rejected Plaintiffs' arguments, they were nonetheless considered and ruled upon. And in any case, if the Order were to expire and the case were to become moot prior to

---

[1] *Clinton v. Jones*, 520 U.S. 681 (1997), is plainly distinguishable. In that case, the Supreme Court noted that "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Id.* at 707-08. This, however, is an Administrative Procedure Act case in which review is limited to the administrative record and no trial will ever be held. *See* Opp. at 2 ("This case requires no discovery, as it is limited to the administrative record . . . ."). There is no risk of evidence being lost or memories fading. Moreover, Defendants are asking this Court to stay this case pending an appellate ruling, not for a years-long period equivalent to the length of a presidential term.

the conclusion of briefing, that would simply mean that Plaintiffs obtained the relief they sought without the need for additional judicial intervention. There is nothing wrong with that, for a judicial decision is a means to an end, not an end in itself. *See Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 485 (D.C. Cir. 2016) (the "cardinal principle of judicial restraint" is "if it is not necessary to decide more, it is necessary not to decide more" (quoting *PDK Labs, Inc. v. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment))).

**2.** Under any circumstances, it is difficult to imagine how the Court might enter final judgment prior to the Order's current scheduled expiration date of March 31, 2021.[2] The default deadline to respond to a motion for summary judgment is 21 days, *see* Local Rule 7.5, and Defendants would respond to any summary judgment motion filed by Plaintiffs by filing their own cross-motion. Moreover, given that Fifth Circuit briefing is set to commerce on March 22, 2021, *see* Briefing Notice, *Chambless v. Walensky*, No. 21-30037 (5th Cir. Feb. 9, 2021), it is not obvious that briefing in this Court would be completed prior to the conclusion of briefing in the Fifth Circuit. No matter how much the parties might be able to borrow from their other filings in this case and related litigation pending in other Circuits, *see* Opp. at 3, there is no benefit in requiring the parties to draft briefs on motions that could become moot or be overtaken by events before briefing is complete. And even if the parties could complete briefing on cross-motions for summary judgment while the case remained live and

---

[2] Although CDC has reserved the right to extend the Order beyond March 31, 2021, *see* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 86 Fed. Reg. 8020, 8025 (Feb. 3, 2021), to date it has not done so. Moreover, if CDC did extend the Order, it might modify it in a way that could require the filing of an amended complaint, a new administrative record, and new summary judgment briefs; indeed, the Order's January 2021 extension required the filing of a supplemental administrative record and supplemental briefs in numerous cases. *See, e.g., Alabama Ass'n of Realtors v. HHS*, No. 20-3377, ECF No. 39, Notice of Filing of Supplemental Certified List of Contents of the Admin. Record (D.D.C. Feb. 22, 2021); *Skyworks, Ltd. v. CDC*, No. 20-2407, ECF No. 47, Defs.' Supp. Mem. in Opp'n to Pls.' Mot. for Prelim. Inj. (N.D. Ohio Feb. 12, 2021); *Terkel v. CDC*, No. 20-564, ECF No. 42, Defs.' Response to Feb. 12, 2021 Order (E.D. Tex. Feb. 16, 2021); *id.* ECF No. 44, Defs.' Notice of Filing of Supp. Admin Record (E.D. Tex. Feb. 22, 2021).

before the Fifth Circuit issued its opinion, that would simply shift the burden to this Court to begin drafting an opinion that might become moot (or be superseded by an intervening Fifth Circuit opinion) before it issued.

Defendants further note that one other appeal concerning the CDC Order is also pending before the Fifth Circuit: the government's appeal from the district court's decision in *Terkel v. CDC*, --- F. Supp. 3d ----, 2021 WL 742877 (E.D. Tex. Feb. 25, 2021); *see also* ECF No. 48 (Pls.' Notice of Supp. Auth). In *Terkel*, the district court entered a declaratory judgment for the plaintiffs that the CDC Order exceeds Congress's powers under the Commerce Clause and the Necessary and Proper Clause. The court in *Terkel* dismissed two plaintiffs for lack of standing, *id.* at *3, and, for the five "remaining plaintiffs," entered "summary judgment granting declaratory relief in their favor," *id.* at *10. *Terkel* is irrelevant to this case, as (1) Plaintiffs here do not contend that the CDC Order exceeds Congress's powers under the Commerce Clause and the Necessary and Proper Clause, though this Court has rejected Plaintiffs' related suggestion that 42 U.S.C. § 264 should be read narrowly to avoid Commerce Clause concerns, *see* PI Op. at 16; and (2) the *Terkel* judgment does not extend beyond the plaintiffs in that case and does not prohibit the application of the Order to any other parties, including the Plaintiffs in this case, *see* 28 U.S.C. § 2201 (court may "declare the rights and other legal relations *of any interested party seeking such declaration*" (emphasis added)).

\* \* \*

No one disputes that Plaintiffs are entitled to judicial resolution of their claims. Plaintiffs got a resolution from this Court when it ruled that their claims were unlikely to succeed on the merits and that there was no rush to finally decide the case. Plaintiffs now have their chance to convince the Fifth Circuit that those rulings were error. Until such time as the parties and the Court hear from the Fifth Circuit, it would be extraordinarily inefficient to conduct further proceedings in district court.

## CONCLUSION

The Court should grant Defendants' motion to stay district court proceedings pending appeal.

Dated: March 5, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Steven A. Myers*
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8648
Fax: (202) 616-8470
E-mail: Steven.A.Myers@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: March 5, 2021

*/s/ Steven A. Myers*