UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CHAMBLESS ENTERPRISES L L C ET AL**         CASE NO.  3:20-CV-01455

**VERSUS**                                                                   JUDGE TERRY A. DOUGHTY

**ROBERT REDFIELD ET AL**                              MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to stay, filed by Defendants. [doc. # 44]. The motion is opposed. [doc. # 47]. For the reasons assigned below the motion is GRANTED.[1]

## Background

This suit arises out of the Center for Disease Control ("CDC") order prohibiting landlords of residential properties from evicting renters during the COVID-19 pandemic for inability to pay rent and making violations of this order a criminal offense. [doc. # 1]. Plaintiffs filed a complaint against Defendants on November 12, 2020, asserting that (1) the order exceeds the CDC's statutory and regulatory authority, (2) the order is an unconstitutional exercise of legislative power, (3) the CDC failed to follow the notice and comment requirement for rulemaking under the Administrative Procedure Act ("APA"), and (4) the order is arbitrary and capricious in violation of the APA. [doc. # 1].

---

[1] As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Plaintiffs also filed a motion for a preliminary injunction on November 12, 2020, asking the court to halt enforcement of the CDC's order pending the outcome of this case. [doc. # 5]. Defendants filed an opposition to the motion for preliminary injunction on December 8, 2020. [doc. # 22]. The Court denied the Plaintiff's motion for a preliminary injunction, citing the unlikeliness of Plaintiff's case to succeed on the merits as one of several reasons for denial. [doc. #s 35; 36]. Specifically, the Court found that: (1) "the plain text of the statute is unambiguous" and clearly authorizes the Order at issue; (2) the Order "is well supported and falls firmly within the scope of [the CDC's] authority" under the relevant regulation; (3) the relevant statute "clearly passes muster" under the nondelegation doctrine; and (4) "Plaintiffs have failed to show that the Order is invalid for failure to comply with the notice-and-comment requirements of the [Administrative Procedure Act]," [doc. # 35, pp. 9, 13, 20, 24].

On January 22, 2021, Plaintiff appealed the denial of the preliminary injunction to the Fifth Circuit. [doc. # 42].

On February 9, 2021, Defendants filed a motion to stay this case pending the outcome of Plaintiff's appeal of the denial of the motion for preliminary injunction. [doc. # 44]. Defendants argue that proceeding to the merits of this case at the district court level while the appeal of the denial of the preliminary injunction is before the Fifth Circuit would "result in largely duplicative parallel proceedings and create the risk of inconsistent decisions" because the district court's denial included a detailed discussion of the likelihood of Plaintiff's success on the merits. [doc. # 44-1, p. 1]. Plaintiffs filed an opposition to the motion to stay, arguing that there is no risk of inconsistent decisions or a waste of judicial resources because the issues on the merits will differ from the issues currently on appeal. [doc. # 47]. Defendants filed a reply on March 5, 2021. [doc. # 49]. Accordingly, this motion is ripe.

## Law and Analysis

The United States Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)(holding that courts have the discretionary authority to stay proceedings "in the interest of justice and in control of their dockets."). However, the court's discretion is not limitless. *Wedgeworth,* 706 F.2d at 545. In determining whether to grant a discretionary stay, courts should consider the following factors: "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *McCleary v. Elekta Inc.*, No. 5:19-cv-00052, 2020 WL 2134149, at *1 (W.D. La. May 5, 2020)(quoting *Falgoust v. Microsoft Corp.*, No. Civ. A. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000)); *see also Wesley v. Unique Guidance Provider Servs., Inc.*, No. 3:18-cv-1059, 2018 WL 6038241, at *1 (W.D. La. Nov. 16, 2018).

1. **Hardship on Defendants without a Stay**

Defendants would face some hardship without a stay. Defendants are correct in that the issues on appeal, including the likelihood of plaintiff's success on the merits, are duplicative of the issues before the district court. Thus, they would face a hardship if they had to simultaneously defend an appeal that includes an evaluation of the case on the merits and defend the case on the merits in district court. Although the burden of discovery is relatively low because discovery is limited to the administrative record, having to defend the same case on overlapping issues in two different courts is burdensome. *See Falgoust*, 2000 WL 462919, at *2. Accordingly, this factor weighs in favor of a stay.

### 2. Prejudice to Plaintiffs if a Stay is Granted

Plaintiffs would not be materially prejudiced if a stay of proceedings were granted. Plaintiffs contend that a stay could prevent them from ultimately receiving a decision on the merits due to delay. However, even if the case were not stayed, there is no guarantee that the Plaintiffs would receive a final decision prior to the June 30, 2021, expiration of the eviction moratorium or prior to the resolution of the appeal proceedings. Indeed, in light of the appeal, no Case Management Order has issued and no bench trial on the merits has been set by the Court. A slight delay is not ordinarily considered significantly prejudicial. *See Falgoust*, 2000 WL 462919, at *2. Accordingly, Plaintiffs would not be prejudiced by a delay resulting from a stay of proceedings, and this factor weighs in favor of a stay.

### 3. Judicial Economy

Defendants assert that because the district court discussed the likelihood of success on the merits in depth in its denial of the motion for preliminary injunction, the Fifth Circuit's ruling on the preliminary injunction will be determinative of Plaintiffs' case on the merits. [doc. # 44, p. 2-3]. Plaintiffs claim, however, that the purpose of a preliminary injunction is to prevent irreparable harm while a case is litigated on the merits, and, therefore, the issues on appeal are not the same as those before the district court.

Under Fifth Circuit precedent, the appellate court's decision regarding a preliminary injunction ordinarily will not be determinative of the merits of a case. *See, e.g., Scott Paper Co. v. Gulf Coast Pulpwood Ass'n, Inc.*, 491 F.2d 119, 119 (5th Cir. 1974); *Siff v. State Democratic Exec. Comm.*, 500 F.2d 1307, 1310 (5th Cir. 1974)("Stressing again that we are not certain of the merits of plaintiffs' claims, but are only pointing to the difficulty of predicting success on the merits, we affirm denial of the preliminary injunction"); *De Giorgio v. Causey*, 488 F.2d 527,

528 (5th Cir. 1973) ("an appeal from the issuance or denial of a preliminary injunction is ordinarily no way to obtain appellate disposition of a case on its merits"); *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)(refusing to consider a case strictly on the merits except insofar as the first element of a preliminary injunction requires consideration of the merits to determine if the trial judge abused his discretion in denying the injunction, where the district judge clearly considered his order as a decision on the preliminary injunction motion and not a final order).

In many cases, discovery may introduce new facts affecting the district court's initial assessment of a case's likelihood of success on the merits in granting or denying a preliminary injunction. Here, however, discovery is limited to the administrative record and the issues before the court are purely legal in nature. In its denial of the preliminary injunction, the Court found that: (1) "the plain text of the statute is unambiguous," and clearly authorizes the Order at issue; (2) the Order "is well supported and falls firmly within the scope of [the Centers for Disease Control and Prevention's] authority" under the relevant regulation; (3) the relevant statute "clearly passes muster" under the nondelegation doctrine; and (4) "Plaintiffs have failed to show that the Order is invalid for failure to comply with the notice-and-comment requirements of the [Administrative Procedure Act]," [doc. # 35, pp. 9, 13, 20, 24]. Because there are no factual issues before the court, the discovery process will not likely reveal any novel information that would alter the district court's analysis of whether the Plaintiffs are likely to succeed on the merits.

Since the district court's analysis of the case on the merits is currently before the Fifth Circuit and likely will not be materially changed by discovery, conducting further court proceedings while these overlapping issues are before the Fifth Circuit would result in

duplicative proceedings and would create the possibility of inconsistent rulings. Unlike in cases where the appellate court's ruling on a preliminary injunction is not determinative of the merits of the case, here, because the issues are purely legal and discovery is limited to the administrative record, the Fifth Circuit's ruling on the district court's denial of the preliminary injunction will be informative and instructive to the district court on the merits of the case. Accordingly, it is in the interest of judicial economy to stay the proceeding pending the Fifth Circuit's review of the denial of the preliminary injunction.

## Conclusion

Based on the foregoing, IT IS ORDERED that the motion to stay filed by Defendant [doc. # 44] is GRANTED.

THUS DONE in Chambers on this 19th day of April, 2021.

*Kayla Dye McClusky*
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE