## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC, *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-1455 |
| v. | Judge Terry A. Doughty |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | Magistrate Judge Kayla D. McClusky |
| Defendants. | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING APPEAL**

Plaintiffs oppose Defendants' motion to stay district court proceedings in this matter. A stay should not issue simply because Plaintiffs have exercised their right to pursue an appeal of the District Court's decision denying their motion for preliminary injunction. This Court should deny Defendants' motion to stay both because Defendants have failed to show good cause and because granting a stay would be prejudicial to Plaintiffs. Due to the limited duration of the CDC's Order (it is currently scheduled to expire at the end of March, but even if renewed, it will likely be for a short period), a stay would significantly increase the risk that Plaintiffs will not be able to litigate the merits of this case at all. On the other hand, a stay would most definitely benefit Defendants, because it would reduce the chances that they will have to defend the CDC's Order on the merits.

Nor will continuing to the merits in this case expend significant resources. Most of the issues have been briefed already in connection with Plaintiffs' motion for preliminary injunction. Indeed, a merits determination will require fewer issues to be briefed, as Plaintiffs will not be

required to show irreparable harm or that the equities and public interest weigh in their favor. This case requires no discovery, as it is limited to the administrative record, and the Defendants have already agreed to produce the record quickly. Accordingly, the Court should deny Defendants' motion for stay and direct the parties to set a schedule for production of the record and cross-motions for summary judgment.

**ARGUMENT**

Defendants' motion rests on a flawed premise. They contend, albeit implicitly, that once this Court denied Plaintiffs' motion for preliminary injunction, Plaintiffs faced a Hobson's choice: either appeal the denial of their motion and stand a high risk of losing their right to litigate the merits, or give up their right to appeal the denial of their preliminary injunction, and continue to suffer irreparable harm while they litigate the merits. But this premise is wrong. Preliminary injunctions exist to give individuals who are suffering irreparable harm a means to stop that harm while a case is litigated on the merits. *See* Fed. R. Civ. P. 65. *See also Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 562 (5th Cir. 1987) (holding that "the purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits"). Preliminary injunctions are appealable on an interlocutory basis for the same reason: to give litigants suffering irreparable harm the opportunity to stop that harm as quickly as possible. *See* 28 U.S.C. § 1292(a)(1). *See also* Interlocutory Injunction Appeals—In General, 16 Fed. Prac. & Proc. Juris. § 3921 (3d ed.) (explaining that § 1292(a)(1) was designed to enable "litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence") (quoting *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 181 (1955), *overruled on other grounds by Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988) (per

2

Reed, J.)). Plaintiffs have the right to pursue both a preliminary injunction, in trial court and later on appeal, and the merits at the same time. No rule or principle of law suggests otherwise.

While it is true that district courts have discretion to stay proceedings before them, the burden is on Defendants to show that such a stay is clearly warranted. "[I]f there is even a *fair possibility* that the stay for which [the moving party] prays will work damage to someone else," the moving party must "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). *See also GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). Applying this standard, the Supreme Court refused to grant a stay of trial court proceedings in a case against a sitting president because the plaintiff's right to prosecute her case outweighed any impact the case might have on the president's ability to discharge his duties. *See Clinton v. Jones*, 520 U.S. 681, 690 (1997). *See also Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) (denying Microsoft's motion to stay proceedings pending a motion for transfer and consolidation before the Judicial Panel on Multidistrict Litigation).

Here, the Defendants cannot meet their burden for several reasons. First, litigating the merits in the trial court will cause no prejudice to the Defendants whatsoever. This is one of several cases challenging the CDC's Order, so the Defendants have briefed the issues in this case several times. *See* ECF No. 44-1, at 4. Having to brief these issues one more time will cost Defendants very little time. Likewise, the Court is familiar with the issues, having ruled on Plaintiffs' motion for preliminary injunction. Although the merits will involve slightly different issues (for example, the impact of Congress's moratorium during January and any issues raised by the administrative record), those new issues will not likely be burdensome to address, and, in any event, they are important to a proper resolution of this case. By contrast, a stay would negatively impact Plaintiffs

3

because, given the temporary nature of the CDC's Order, it could mean that they are never able to litigate the merits. Because litigating the merits would not require Plaintiffs to show irreparable harm or that the equities and public interest weigh in their favor, and it will give them the opportunity to review and incorporate the administrative record into their arguments, being deprived of a chance to litigate the merits will prejudice Plaintiffs' ability to receive the full resolution of their claims to which they are entitled. *See, e.g.*, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971) (remanding an administrative rule review to the district court because judicial review must be "based on the full administrative record available to the [rulemaking officer] at the time"); *Ryder v. United States*, 515 U.S. 177, 182 (1995) (holding that a plaintiff who made a timely challenge to a government actor's constitutional authority was entitled to a decision on the merits).

Second, contrary to Defendants' argument, there is no "risk" of inconsistent decisions or a waste of judicial resources. If this Court were to rule in Defendants' favor on the merits, Plaintiffs would appeal and the Fifth Circuit could either consolidate the appeals or stay one and proceed with the other. If this Court were to rule for Plaintiffs, the Defendants would appeal and the parties would presumably agree to dismiss Plaintiffs' current appeal. If the Fifth Circuit were to issue its decision in Plaintiffs' current appeal before this Court decided the merits, this Court would follow that ruling. It is hard to see how any of these outcomes result in "inconsistent rulings." Simply put, sometimes district court decisions are affirmed, sometimes they are overturned. But that is a feature of litigation, not a bug. Nor would any of these scenarios constitute a waste of judicial resources. As already noted, the issues on the merits will differ from the issues currently on appeal, and Plaintiffs are entitled to a ruling on the merits. *See, e.g.*, *Huston v. Jones*, 863 F.2d 30, 31 (8th

4

Cir. 1988) (holding that a litigant was entitled to a decision on the merits where there were no procedural impediments to his claim).

The Defendants point to no authority for issuing a stay where the stay would likely inhibit a plaintiff from obtaining judgment on the merits. For that matter, none of their cases concern a stay of proceedings during an interlocutory appeal. *E.g.*, *Eaton Vance Municipals Tr. v. Conegie*, No. 4:06CV117-P-B, 2007 WL 1484539 (N.D. Miss. May 18, 2007) (concerning a stay where defendant's collateral estoppel theory hinged upon the outcome of an appeal in a separate suit); *ING Bank N.V. v. M/V Bulk Finland, IMO No. 9691577*, No. CV 15-5975, 2017 WL 2798469 (E.D. La. June 28, 2017) (staying district court proceedings only after concluding that there was little potential for prejudice to the non-moving party). Likewise, *Brown v. Cochran*, No. 20-3702 (N.D. Ga. Dec. 9, 2020), is inapposite because both parties agreed to the stay. And *Tiger Lily LLC v. U.S. Dep't of Housing & Urban Dev.*, No. 20-2692 (W.D. Tenn.), speaks only to the fact that the district court could reach the merits quickly, which is only appropriate under the circumstances. Simply put, there is no reason to delay moving to the merits.

## CONCLUSION

The CDC claims the authority to shut down all eviction proceedings in the nation. Plaintiffs contend that the CDC lacks that power despite the existence of a pandemic. Whichever side is correct, this case undoubtedly raises extremely important questions concerning federal power and its impact on citizens and state and local governments. That the Government would prefer not to produce the administrative record and file a few additional briefs in this case does not justify staying the case and possibly depriving the Plaintiffs of their right to litigate the merits. This Court should deny the motion to stay, direct the Defendants to produce the administrative record as soon

5

as possible, and instruct the parties to agree on a schedule for filing cross-motions for summary judgment.

DATED: February 26, 2021.

Respectfully submitted,

/s/ STEVEN M. SIMPSON
STEVEN M. SIMPSON*
DC Bar No. 462553
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 610
Arlington, VA 22201
Tel: (202) 888-6881
SSimpson@pacificlegal.org

/s/ JAMES C. RATHER, JR.
JAMES C. RATHER, JR.
Louisiana Bar No. 25839
ALKER & RATHER, LLC
4030 Lonesome Rd., Suite B
Mandeville, LA 70448
Tel: (985) 727-7501
JRather@alker-rather.com

LUKE A. WAKE*
DC Bar No. 1009181
ETHAN W. BLEVINS*
Washington State Bar No. 48219
HANNAH SELLS MARCLEY*
Washington State Bar No. 52692
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Tel: (916) 419-7111
Fax: (916) 419-7747
LWake@pacificlegal.org
EBlevins@pacifclegal.org
HMarcley@pacificlegal.org
*Pro hac vice

*Attorneys for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

DATED: February 26, 2021.

/s/ Steven M. Simpson

# Kiren Mathews

| | |
|---|---|
| **From:** | Reply@lawd.uscourts.gov |
| **Sent:** | Friday, February 26, 2021 1:51 PM |
| **To:** | Clerk@lawd.uscourts.gov |
| **Subject:** | Activity in Case 3:20-cv-01455-TAD-KDM Chambless Enterprises L L C et al v. Redfield et al Memorandum in Opposition to Motion |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

# U.S. District Court

# Western District of Louisiana

## Notice of Electronic Filing

The following transaction was entered by Simpson, Steven on 2/26/2021 at 3:50 PM CST and filed on 2/26/2021

| | |
|---|---|
| **Case Name:** | Chambless Enterprises L L C et al v. Redfield et al |
| **Case Number:** | 3:20-cv-01455-TAD-KDM |
| **Filer:** | Apartment Association of Louisiana Inc |
| | Chambless Enterprises L L C |
| **Document Number:** | 47 |

**Docket Text:**
**MEMORANDUM in Opposition re [44] MOTION to Stay** *district court proceedings pending appeal* **filed by Apartment Association of Louisiana Inc, Chambless Enterprises L L C. (aty,Simpson, Steven)**


**3:20-cv-01455-TAD-KDM Notice has been electronically mailed to:**

David H Williams    dwilliams@slls.org, courtnotices@ix.netcom.com

Davida Finger    dfinger@loyno.edu

Ethan W Blevins    EBlevins@pacificlegal.org, bbartels@pacificlegal.org, incominglit@pacificlegal.org, ppuccio@pacificlegal.org

Hannah S Marcley    HMarcley@pacificlegal.org, bbartels@pacificlegal.org, incominglit@pacificlegal.org, ppuccio@pacificlegal.org

James C Rather , Jr     jrather@alker-rather.com, mbacas@alker-rather.com

Leslie Cooper Vigen     leslie.vigen@usdoj.gov

Luke Anthony Wake     lwake@pacificlegal.org, bbartels@pacificlegal.org, incominglit@pacificlegal.org, ppuccio@pacificlegal.org

Steven A Myers     steven.a.myers@usdoj.gov

Steven M Simpson     ssimpson@pacificlegal.org, incominglit@pacificlegal.org, ppuccio@pacificlegal.org

Walter P McClatchey , Jr     walter@la-law.org, shannin@la-law.org

William P Quigley     quigley77@gmail.com, dadupre77@yahoo.com

**3:20-cv-01455-TAD-KDM Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045083339 [Date=2/26/2021] [FileNumber=5411392-0
] [67d1f1ff8a761191b126453f6820b385153d00793317ad74702fc2b66631758a259
952b9efde6656be0db7fffc49e65ef6c4b972d876f4c87da3bc1d04fac853]]