IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC, *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-1455-TAD-KDM |
| v. | Judge Terry A. Doughty |
| ROBERT REDFIELD, *et al.*, | Magistrate Judge Kayla D. McClusky |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' APPEAL
FROM ORDER OF MAGISTRATE JUDGE**

On April 19, 2021, the Magistrate Judge entered an order staying further proceedings in this case pending the outcome of Plaintiffs' appeal to the Fifth Circuit of this Court's denial of their motion for preliminary injunction. The Magistrate Judge concluded that a stay was warranted because it would cause no prejudice to the Plaintiffs and that proceeding to the merits in this Court, while Plaintiffs' appeal is pending, would both cause prejudice to the Defendants and waste judicial resources. All of these conclusions are erroneous and should be reversed.

As a preliminary matter, the Magistrate improperly accepted an implicit premise of the Defendants' argument, which is that Plaintiffs may either file an interlocutory appeal of the denial of their motion for preliminary injunction or continue with the merits before this Court, but they may not do both. This premise is entirely unwarranted. Indeed, if it were true, then no case would proceed while an interlocutory appeal of a preliminary injunction ruling was pending. While there may be reasons in some cases to stay district court proceedings in such a situation, this is not such a case.

This case involves a challenge to the CDC's assumption of power to ban all evictions in the entire nation under a statute that authorizes it to take certain limited measures to prevent cross-border transmission of disease. Since this Court denied Plaintiffs' motion for preliminary injunction, four courts have ruled that the CDC lacks that power or that the Government is unlikely to prevail on the merits. *See Terkel v. CDC*, No. 6:20-CV-00564, 2021 WL 742877, at *2 (E.D. Tex. Feb. 25, 2021) (vacating CDC's eviction moratorium order under the APA); *Skyworks, Ltd. v. CDC*, No. 5:20-CV-2407, 2021 WL 911720, at *1 (N.D. Ohio Mar. 10, 2021) (ruling that the CDC lacked statutory authority for its moratorium order); *Tiger Lily, LLC v. United States Dep't of Hous. & Urb. Dev.*, No. 2:20-CV-02692-MSN-ATC, 2021 WL 1171887, at *1 (W.D. Tenn. Mar. 15, 2021) (same); *Tiger Lily, LLC v. United States Dep't of Hous. & Urb. Dev.*, No. 21-5256, 2021 WL 1165170, at *1 (6th Cir. Mar. 29, 2021) (denying the Government's motion to stay a District Court decision). Two other courts (including this one) have ruled the other way. And cases are pending in other district courts—including in the Northern District of Iowa and in the District of Columbia. In short, the issues in this case are being vigorously litigated throughout the country. And while the courts have disagreed on the legal questions, there is no question that the issues are of great national importance because the CDC's actions impact many thousands of individuals across the nation.

As such, the issues in this case deserve careful attention. Yet, because the CDC's eviction ban is a temporary order, which the CDC has now renewed twice, it is possible that it will escape judicial review. In defending short-term rules—especially when faced with difficult merits arguments—any sensible party in the Government's position would seek to delay a ruling on the merits. But litigation strategy is not a proper ground for staying a case.

None of the Government's or the Magistrate's arguments warrant a stay. First, a stay will prejudice the Plaintiffs because it will increase the chances that they will not be able to receive a decision on the merits of this case. Indeed, the Government is arguing in the Fifth Circuit appeal that the Court should affirm this Court's ruling without argument on the grounds that Plaintiffs have not shown irreparable harm. *See Chambless Enterprises, LLC v. Walensky*, No. 21-30037, Br. of Appellees, Doc. No. 00515831937, 18 (Apr. 21, 2021) ("Because plaintiffs failed to show 'a substantial threat of irreparable injury outweighing the harms of granting the preliminary injunction,' the denial of a preliminary injunction would properly be affirmed even if plaintiffs could show a likelihood of success on the merits."). While Plaintiffs disagree with this argument, it is possible the Fifth Circuit will side with the Government and decline to reach the merits. If this were to happen, Plaintiffs would be back in this Court just starting to litigate the merits many months from now without any clarity from the Fifth Circuit as to the dispositive issues.

Second, there can be no prejudice to the Government in having to litigate the merits now. The Government has litigated at least nine cases (counting appeals) like this one and has briefed all the issues many times. This case involves only an administrative record, which the Government has filed in several other courts. Filing the record here and briefing the issues on the merits once more is not a burden—at least not one that should prompt a court to stay an entire case that involves the question of whether one agency can control all evictions in the entire nation.

Third, and for similar reasons, addressing the merits will not waste judicial resources or risk conflicting court rulings. This Court has already addressed most of the issues that will come up on the merits. If it agrees with its prior decision, the work required in issuing an order will be minimal. If it disagrees with its prior decision, the work involved will be both important and vital to the case and to Plaintiffs' rights. Nor is the alleged "risk of conflicting rulings" a valid concern.

The only "conflict" possible in this case (if it can be called a "conflict") would be between the Fifth Circuit's decision and this Court's decision. If the Fifth Circuit affirms, there is no conflict. If the Fifth Circuit declines to address the merits, as Defendants have asked it to, then, again, there will be no conflict. If the Fifth Circuit reverses, there might be a "conflict" in that this Court will have to follow the Fifth Circuit's ruling. But that sort of "conflict" is a feature of our system, not a bug.

The Defendants did not come close to carrying their burden in requesting a stay. This Court should reverse the Magistrate Judge and allow the case to proceed to the merits.

## ARGUMENT

While the District Court has discretion to stay proceedings, the burden is on the moving party to show that a stay is clearly warranted. Here the Defendants failed to satisfy that burden. As such, the Magistrate's decision should be set aside as clearly erroneous or contrary to law. Fed. R. App. P., Rule 72(a).

### I. A Stay of Proceedings Is Prejudicial to Plaintiffs

A stay of District Court proceedings is inappropriate "if there is even a fair possibility that the stay for which [the moving party] prays will work damage to someone else[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). *See also GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). Defendants failed to meet this standard. But the Magistrate's opinion improperly flips the inquiry by discounting the likelihood of prejudice identified in Plaintiffs' opposition.

The Magistrate's decision errantly concluded that there would be no "material[] prejudice" in granting Defendants' motion to stay because "[a] slight delay is not ordinarily considered significantly prejudicial." Mag. Opinion at 4. But this overlooks the practical reality of the case at

4

hand. This is not a case where a stay merely means delay in attaining a final decision. By the nature of the issues presented, this case may evade judicial review unless Defendants are compelled to produce the administrative record and Plaintiffs are allowed a chance to pursue a merits decision at this juncture. This is so because we are dealing with temporary rules that might be incrementally extended further or that might be allowed to expire at any point. As such, a stay necessarily prejudices Plaintiffs because a stay significantly raises the odds that they will not be allowed the chance to obtain a decision on the merits.

The Magistrate dismissed this concern on the view that it might not be possible for Plaintiffs to attain a final decision by the time the current eviction moratorium order is set to expire at the end of June. But this misses the point. While it is possible the Defendants may allow the current eviction moratorium order to expire, it is entirely possible (perhaps likely) that the CDC will issue another short-term extension, or potentially continued extensions through 2021. For that matter, a recent interim rule pronounced by the Consumer Financial Protection Bureau gives reason to believe the CDC intends to continue enforcing a nationwide eviction moratorium. *See* Debt Collection Practices in Connection with the Global COVID-19 Pandemic, CFPB, RIN 3170-AA41, 86 Fed. Reg. 21,163, 21,163 (Apr. 22, 2021) (addressing "conduct associated with an eviction moratorium issued by the Centers for Disease Control and Prevention"). As such, the Magistrate was simply wrong in assuming that this case would be mooted on June 30, 2021.

The prejudicial effect of this stay is apparent if one considers the likely timeline for Plaintiffs' pending appeal and a subsequent resumption of District Court proceedings. Under a best-case scenario Plaintiffs might hope to secure a decision from the Court of Appeals by late July. Supposing then that the CDC has extended its moratorium through the end of August but does not intend to renew thereafter, Plaintiffs would be hard-pressed to secure a merits decision.

They would have to file a motion to reinitiate District Court proceedings and could only then move for judgment on the pleadings once the Defendants produce the administrative record—a process that could easily run out the clock to allow the Defendants to avoid a merits decision altogether.

Moreover, the prejudicial effect of the stay is clear in considering the distinct standards the courts apply in reviewing a preliminary injunction motion. To prevail in their interlocutory appeal Plaintiffs must not only demonstrate that they are likely to win on the merits, but also that they are suffering irreparable harm and that an injunction would serve the public interest. As such, it's possible that the Fifth Circuit may issue a decision affirming the judgment of this Court as to one of those prongs without even addressing Plaintiffs' likelihood of success on the merits. In that case the Plaintiffs would be in exactly the same place they were last December, and without a clear signal from the Court of Appeals as to how this case should be resolved. At that juncture they would seek resolution on the merits, but would be much more likely to face mootness issues if the CDC were to allow its moratorium order to expire.

As Plaintiffs set out in their opposition previously, they should not be penalized for exercising their right to an interlocutory appeal of the denial of their preliminary injunction. They have both a right to pursue that appeal and a right to pursue a judgment on the merits. *See* Fed. R. Civ. P. 65. *See also Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 562 (5th Cir. 1987) (holding that "the purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits"). *See also* § 3921 Interlocutory Injunction Appeals—In General, 16 Fed. Prac. & Proc. Juris. § 3921 (3d ed.) (analyzing the history of § 1292(a)(1) to conclude that the section was designed to address the "need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence") (quoting *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 181 (1955),

*overruled on other grounds by Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988) (per Reed, J.)). Neither the Defendants nor the Magistrate cited any authority for issuing a stay where the stay would likely inhibit a plaintiff from obtaining judgment on the merits. For that matter, none of the cases Defendants cited in moving for a stay concerned a stay of proceedings during an interlocutory appeal. *E.g.*, *Eaton Vance Municipals Tr. v. Conegie*, No. 4:06CV1117-P-B, 2007 WL 1484539 (N.D. Miss. May 18, 2007) (concerning a stay where defendant's collateral estopple theory hinged upon the outcome of an appeal in a separate suit); *ING Bank N.V. v. M/V Bulk Finland, IMO, No. 9691577*, No. 15-5975, 2017 WL 2798469 (E.D. La. June 28, 2017) (staying district court proceedings only after concluding that there was little potential prejudice to the non-moving party).

## II.  Defendants Will Suffer No Hardship if This Case Proceeds

Not only must a moving party demonstrate that there is no significant risk of prejudice to another party in granting a stay, they must also prove that they face a significant harm that can only be avoided by issuing a stay. *See Clinton v. Jones*, 520 U.S. 681, 690 (1997 (refusing to grant a stay of a trial court's proceedings in a case against a sitting president because plaintiff's right to prosecute her case outweighed any impact the case might have on the president's ability to discharge his duties). *See also Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) (denying Microsoft's motion to stay proceedings pending a motion to transfer and consolidation before the Judicial Panel on Multidistrict Litigation). Here as well, the Defendants failed to satisfy their burden. The Magistrate's opinion errantly assumed hardship to the Defendants notwithstanding the fact that that it would be a simple and straightforward process for the Defendants to submit the administrative record and to file competing motions for summary judgment.

The Magistrate acknowledged that this case requires no discovery. The Defendants would need only to produce the administrative record. And this would require minimal effort because the Defendants have already produced the record in several related cases. To file that same record here would require no exertion.

But the Magistrate concluded that the Defendants would face hardship if required to defend on the merits while Plaintiffs' appeal remains pending. This portion of the Magistrate's analysis conflicts with its analysis on the judicial economy factor wherein the Magistrate assumed that the Court would likely resolve the issues presented in the same way the Court did in considering Plaintiffs' preliminary injunction motion late last year. That belies recognition that the parties will be advancing roughly the same arguments at the merits stage as before. As Plaintiffs argued previously in opposition to the motion to stay, Defendants have briefed the issues in this case several times and having to brief the issues one more time will cost the Defendants very little time. That is especially true now that the Defendants have concluded their briefing in Plaintiffs' pending interlocutory appeal, given that the Defendants have concluded merits arguments in at least three district courts to date.

There is no basis for presuming prejudice to the Defendants in the mere fact that they might be required to repurpose arguments they've already fleshed out in other briefs. For one, there is no possibility that Defendants may face concurrent briefing schedules since they have already filed their brief on appeal. And while it is true that the merits analysis might involve slightly different issues (for example, the impact of Congress' moratorium during January and any issues raised by the administrative record), those issues will not likely be burdensome to address.

Yet even if this Court accepts Defendants' contention that there is some burden in being required to brief the merits, that burden pales in comparison to the prejudice the Plaintiffs may

face if forced to wait to begin litigating the merits until after resolution of their pending interlocutory appeal. Again, given the temporary nature of the CDC's Order, a stay likely means that the Plaintiffs are never able to litigate the merits.

### III. There Are No Issues of Judicial Economy

The Defendants also failed to carry their burden of demonstrating that a stay is necessary to preserve judicial resources. Here the Magistrate was wrong in concluding that a stay should be granted to avoid potentially "duplicative proceedings" or the possibility of "inconsistent ruling." For one, a decision on the merits would be non-duplicative because it would be decided on the full administrative record—*i.e.*, a record that neither this Court nor the Fifth Circuit have had the benefit of reviewing. And there is simply no risk of inconsistent rulings because this Court will inevitably defer to the judgment of the Fifth Circuit to the extent the Fifth Circuit provides guidance on the merits issues.

The Magistrate assumed that the District Court's analysis was unlikely to change on the merits. But if the District Court's analysis is to be as rote as the Magistrate suggests, then there would be no significant expenditure of judicial resources. For that matter, Plaintiffs agree that this Court could resolve competing motions for summary judgment quickly.

Still, there are good reasons to think that the District Court might approach the merits differently at this juncture, considering the numerous courts that have since ruled that the CDC lacks authority to enforce its nationwide eviction moratorium. And further, it is possible that the District Court might take a different view on the merits—at least with regard to Plaintiffs' procedural claims under the APA—when given the benefit of reviewing the administrative record. But even so, that does not give rise to a risk of duplicative proceedings or inconsistent rulings.

A merits decision would not be duplicative first and foremost because the standard of

review is distinct. And even in so far as the analysis is similar, concurrent summary judgment motions pending before this Court would not likely be resolved before the Fifth Circuit can issue an opinion—meaning that this Court would then have the benefit of both the parties' briefing as well as the Fifth Circuit's guidance. But even if this Court should choose to quickly issue a decision affirming its initial view of the merits, that would only serve the benefit of enabling the Court of Appeals to decide the important issues of national concern presented in this case.

In any event, the Magistrate wrongly assumes that the Fifth Circuit's ruling will be determinative of the merits. Given the standards applicable for review of denial of a motion for preliminary injunction, there is simply no assurance that the Fifth Circuit will provide such guidance. Accordingly, the interest of justice and judicial economy are both served by allowing proceedings to continue forward in the District Court so that Plaintiffs are at least in a position to obtain a merits decision in short order once the Fifth Circuit renders its decision.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully urge this Court to reverse the Magistrate Judge's Order dated April 19, 2021.

DATED: May 3, 2021.

                                              Respectfully submitted,

/s/ Steven M. Simpson  
STEVEN M. SIMPSON*  
DC Bar No. 462553  
Pacific Legal Foundation  
3100 Clarendon Blvd., Suite 610  
Arlington, VA 22201  
Tel: (202) 888-6881  
SSimpson@pacificlegal.org  

/s/ James C. Rather, Jr.  
JAMES C. RATHER, JR.  
Louisiana Bar No. 25839  
ALKER & RATHER, LLC  
4030 Lonesome Rd., Suite B  
Mandeville, LA 70448  
Tel: (985) 727-7501  
JRather@alker-rather.com  

LUKE A. WAKE*  
DC Bar No. 1009181  
ETHAN W. BLEVINS*  
Washington State Bar No. 48219  
HANNAH SELLS MARCLEY*  
Washington State Bar No. 52692  
Pacific Legal Foundation  
930 G Street  
Sacramento, CA 95814  
Tel: (916) 419-7111  
Fax: (916) 419-7747  
LWake@pacificlegal.org  
EBlevins@pacifclegal.org  
HMarcley@pacificlegal.org  
*Pro hac vice

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will cause a copy to be served upon counsel of record.

DATED: May 3, 2021.

                                              /s/ Steven M. Simpson
                                              STEVEN M. SIMPSON