Case 3:20-cv-01455-TAD-KDM  Document 58  Filed 05/25/21  Page 1 of 7 PageID #: 774

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC, *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-1455-TAD-KDM |
| v. | Judge Terry A. Doughty |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | Magistrate Judge Kayla D. McClusky |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
APPEAL FROM ORDER OF MAGISTRATE JUDGE**

In January, Plaintiffs appealed to the United States Court of Appeals for the Fifth Circuit from this Court's order denying their motion for a preliminary injunction. *See generally Chambless Enters., LLC v. Walensky*, No. 21-30037 (5th Cir.). Plaintiffs have moved without objection to expedite the appeal, and the appeal is fully briefed. At the same time, the Centers for Disease Control and Prevention (CDC) Order that Plaintiffs challenge is currently scheduled to expire on June 30, 2021—a mere thirty-six days from now.

Against that backdrop, the question for this Court is whether Magistrate Judge McClusky committed clear error when she ruled last month that this case should be stayed pending resolution of Plaintiffs' Fifth Circuit appeal. *See* Fed. R. Civ. P. 72(a) (district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also Blue v. Hill*, No. 10-2269, 2014 WL 2217334, at *2 (N.D. Tex. May 29, 2014) (review under Rule 72(a) is "highly deferential"). She did not. All parties agree on the governing legal principles, and Plaintiffs concede on the first page of their brief that "there may be reasons in some cases to stay district court proceedings" pending an interlocutory appeal. ECF No. 53 ("Appeal") at 1. Plaintiffs merely disagree with how Judge

McClusky exercised her discretion in weighing the relevant factors. Even if this Court might have chosen to weigh those factors differently, that would not suffice to disturb Judge McClusky's order.

In any case, Plaintiffs' arguments fail under any standard of review. Even if it were possible for the parties to complete merits briefing by June 30, that would simply shift the burden to this Court to begin drafting an opinion that could be rendered moot by either the Order's expiration or the entry of a Fifth Circuit opinion. Plaintiffs have no judicially cognizable interest in obtaining an opinion for its own sake, and there is no justification for wasting the parties' and the Court's resources on unnecessary and duplicative motions practice. The Court should therefore continue to await a ruling from the Fifth Circuit before proceeding further.

## RELEVANT BACKGROUND

On September 4, 2020, CDC issued an Order temporarily halting certain residential evictions to prevent the further spread of COVID-19. *See* 85 Fed. Reg. 55292 (Sept. 4, 2020).[1] On November 12, 2020, Plaintiffs filed a complaint challenging that Order on various statutory and constitutional grounds. *See* ECF No. 1. They filed a motion for a preliminary injunction on the same day. *See* ECF No. 5.

On December 22, 2020, the Court denied Plaintiffs' preliminary injunction motion in a lengthy and thorough opinion in which it found for Defendants on all four of the preliminary injunction factors. *See* ECF Nos. 35, 36. The Court's ruling included an extended discussion of why Plaintiffs were unlikely to succeed on the merits. *See* ECF No. 35 at 5–24. On January 22, 2021, Plaintiffs filed

---

[1] The CDC Order was originally set to expire on December 31, 2020. *See* 85 Fed. Reg. at 55297. On December 27, 2020, the President signed into law an Act of Congress extending the Order until January 31, 2021. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. N, tit. V, § 502, 134 Stat. 1182, 2079 (2020). On January 29, 2021, the CDC Director issued a new Order extending and superseding the September 4, 2020 Order. *See* 86 Fed. Reg. 8020 (Feb. 3, 2021). That Order was scheduled to expire on March 31, 2021, *id.* at 8025, but in late March, CDC extended the Order through June 30, 2021, "subject to revision based on the changing public health landscape." 86 Fed. Reg. 16731, 16738 (Mar. 31, 2021).

an interlocutory appeal to the Fifth Circuit. *See* ECF No. 42; *see also* 28 U.S.C. § 1292(a)(1).

On February 29, 2021, Defendants moved to stay this case pending disposition of Plaintiffs' appeal to the Fifth Circuit. *See* ECF No. 44. The Court referred the motion to Judge McClusky, who granted it on April 19, 2021. *See* ECF No. 52 ("Stay Order"). As Judge McClusky explained, Defendants "would face a hardship if they had to simultaneously defend an appeal that includes an evaluation of the case on the merits and defend the case on the merits in district court," *id.* at 3; Plaintiffs would not be prejudiced by a stay, especially because "there is no guarantee that the Plaintiffs would receive a final decision prior to the June 30, 2021, expiration of the eviction moratorium" if the case were not stayed, *id.* at 4; and the interests of judicial economy favor a stay because "the Fifth Circuit's ruling on the district court's denial of the preliminary injunction will be informative and instructive to the district court on the merits of the case," *id.* at 6. Plaintiffs took all fourteen days available under the Federal Rules, *see* Fed. R. Civ. P. 72(a), and then appealed Judge McClusky's decision to this Court, *see* Appeal.

In the meantime, litigation in the Fifth Circuit has been proceeding apace: the appeal is fully briefed, and Plaintiffs have moved without objection to expedite the appeal. *See generally Chambless Enters., LLC v. Walensky*, No. 21-30037 (5th Cir. 2021).

**ARGUMENT**

Plaintiffs, Defendants, and Judge McClusky all agree on the governing law: a district court has broad discretion to stay cases on its docket, and relevant factors to be weighed include prejudice to Plaintiffs, prejudice to Defendants, and judicial economy. *Compare* Stay Order at 3-6, *with* Appeal at 4-10. Rather than suggest that Judge McClusky misapplied controlling authority, Plaintiffs simply quibble with how she exercised her discretion. That is insufficient, for the clear error standard is not satisfied unless this Court is "left with the definite and firm conviction that a mistake has been committed." *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 213 (5th Cir. 2006) (quoting *Anderson v. City of*

3

*Bessemer*, 470 U.S. 564, 573 (1985)). Indeed, "[f]or issues that are committed by law to a judge's discretion . . . the magistrate's rulings are reviewed for abuse of discretion." *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distribs., LLC*, No. 10-1483, 2012 WL 5938217, at *1 (E.D. La. Nov. 27, 2012). And in any case, Plaintiffs' arguments fail under any standard of review.

*First*, a stay will not meaningfully prejudice Plaintiffs, *contra* Appeal at 4-7, which perhaps explains why they waited the full fourteen days available to them to seek review of Judge McClusky's ruling. Indeed, every court to consider the issue has ruled, like this Court, that the eviction moratorium does not cause landlords irreparable harm. *See* Order, *KBW Inv. Props. LLC v. Azar*, ECF No. 16, No. 20-4852 (S.D. Ohio Sept. 25, 2020); *Brown v. Azar*, 497 F. Supp. 3d 1270 (N.D. Ga. 2020), *appeal filed*, No. 20-14210 (11th Cir. Nov. 9, 2020), *mot. for inj. pending appeal denied*, No. 20-14210 (11th Cir. Dec. 17, 2020); *Tiger Lily LLC v. HUD*, No. 20-2692, --- F. Supp. 3d ----, 2020 WL 7658126 (W.D. Tenn. Nov. 6, 2020); *Dixon Ventures, Inc. v. HHS*, No. 20-1518, 2021 WL 1604250 (E.D. Ark. Apr. 23, 3021).[2] Plaintiffs continue to argue that a stay may prevent them from receiving a merits decision from this Court if the Order expires by its own terms, *see* Appeal at 5, but Plaintiffs have no judicially cognizable interest in obtaining an opinion for its own sake. To the contrary, if the Order were to expire on its own terms, that would simply mean that Plaintiffs obtained the relief they sought without the need

---

[2] On May 6, 2021, Plaintiffs filed a notice of supplemental authority advising the Court of the district court's decision in *Alabama Association of Realtors v. HHS*, --- F. Supp. 3d ----, 2021 WL 1779282 (D.D.C. May 5, 2021), which held that the eviction moratorium exceeded CDC's statutory authority. *See* ECF No. 57. The *Alabama Association of Realtors* court issued an immediate administrative stay of its own ruling, and on May 14, 2021, it stayed its ruling pending appeal. *See Alabama Association of Realtors v. HHS*, --- F. Supp. 3d ----, 2021 WL 1946376 (D.D.C. May 14, 2021). In staying its ruling, the court noted that many financial losses suffered by landlords would be recoverable: "the CDC Order itself does not excuse tenants from making rental payments," and "Congress also has taken steps to provide financial relief to tenants and landlords through the Consolidated Appropriations Act and the American Rescue Plan Act." *Id.* at *5 (citations omitted). The Court further held that "the magnitude of these additional financial losses is outweighed by the Department's weighty interest in protecting the public." *Id.* The *Alabama Association of Realtors* plaintiffs' motion to vacate the stay is now pending before the D.C. Circuit. *See generally Alabama Association of Realtors v. HHS*, No. 21-5093 (D.C. Cir.).

for judicial intervention.

In any case, as Judge McClusky correctly noted, it was not clear that this Court could have issued a final decision by June 30 even if she had denied Defendants' stay motion when she ruled on April 19. *See* Stay Order at 4. If the Court were to reverse Judge McClusky's decision now, more than a month later, there would be significantly less chance of the Court's doing so. While CDC retains the authority to extend the Order beyond its current expiration date if public health conditions require it, *see* 86 Fed. Reg. at 16738, Plaintiffs offer only their own speculation that the CDC will do so. *See* Appeal at 5. Nor do Plaintiffs provide any basis for their speculation that the Fifth Circuit is unlikely to rule before late July, *see* Appeal at 5.[3]

*Second*, there is hardship to Defendants in overturning Judge McClusky's ruling and requiring them to brief the merits while the Fifth Circuit simultaneously considers this case. While it is true that Defendants are litigating challenges to the CDC Order in numerous cases across the country, *see* Appeal at 8, no two cases are identical: they arise in different circuits, present different claims, and rely on different authorities. Under any circumstances, litigating a complicated administrative law case that challenges an important public health directive requires the expenditure of significant resources from both CDC and the Department of Justice. And it would be extraordinarily inefficient in light of the significant possibility of the parties' briefing being rendered moot by either the Order's expiration or the entry of a Fifth Circuit opinion.

*Third* and finally, Plaintiffs overlook the significant wasted judicial effort that could follow if

---

[3] Plaintiffs note that the Fifth Circuit might not address the merits, and instead address only irreparable harm. *See* Appeal at 3, 6. Because irreparable harm is a necessary but not sufficient condition to warrant the entry of a preliminary injunction, *see, e.g.*, *Tate v. Am. Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981), the only scenario in which the Fifth Circuit could exclusively address irreparable harm is if it affirmed this Court's denial of a preliminary injunction. The possibility that the Fifth Circuit might agree with this Court that Plaintiffs are not facing irreparable harm is hardly a reason for this Court to rush to decide the merits.

the Court lifted the stay. To be sure, it is theoretically possible to imagine a scenario in which the parties completed extraordinarily expedited briefing while the Order remained in effect and before the Fifth Circuit ruled. In such a scenario, the Court would then have to rush to review the briefing and begin drafting an opinion—only to have that effort likely wasted by either the expiration of the Order or the entry of a Fifth Circuit opinion. Federal courts do not have unlimited resources, and there is no reason for this Court to spend its limited time under these circumstances.

## CONCLUSION

The Court should deny Plaintiffs' appeal of Judge McClusky's order.

Dated: May 25, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Steven A. Myers*
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8648
Fax: (202) 616-8470
E-mail: Steven.A.Myers@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: May 25, 2021

/s/ Steven A. Myers