IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHAMBLESS ENTERPRISES LLC, *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-1455 |
| v. | Judge Terry A. Doughty |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | Magistrate Judge Kayla D. McClusky |
| Defendants. | |

**PLAINTIFFS' REPLY TO THE GOVERNMENT'S OPPOSITION TO PLAINTIFFS APPEAL FROM ORDER OF MAGISTRATE JUDGE**

The Government once again argues that Plaintiffs should endure a stay of District Court proceedings just because they exercise their right to appeal the denial of their motion for preliminary injunction. Plaintiffs do not give up their right to advance their case in the District Court by pursuing the right to an interlocutory appeal.

Moreover, each of the relevant factors cut against staying District Court proceedings. Plaintiffs do not argue that the Magistrate merely came out the wrong way in a difficult balancing of divergent factors. On the contrary, Plaintiffs maintain that there was no basis for finding that *any* of the factors cut in favor of a stay. And further, Plaintiffs have argued that there is a categorical rule against imposing a stay where it would cause prejudice to the non-moving party—a point for which the Government has no response. Nor does the Government dispute the related rule that a stay is improper where the moving party fails to show a significant hardship should the proceedings continue.

1

Plaintiffs are asking this Court simply to lift the stay, order the Government to produce the administrative record, and establish a briefing schedule to resolve the merits of this case. Simply put, Plaintiffs are asking this Court to do what would otherwise have had happened if the Magistrate had not improperly stayed the case. As Plaintiffs have shown in their opening brief objecting to the Magistrate's order, Plaintiffs do not give up the right to pursue the merits of their claims simply because they chose to exercise their right to appeal the denial of a preliminary injunction. Plaintiffs clearly have standing to pursue their claims, and those claims are unquestionably valid. Indeed, four district courts and a panel of the Sixth Circuit have concluded that the CDC's eviction moratorium is unlawful. *See Tiger Lily, LLC v. U.S. Dep't of Housing and Urban Development*, 992 F.3d 518 (6th Cir. Mar. 29, 2021); *Alabama Ass'n of Realtors v. U.S. Dep't of Housing and Urban Development*, No. 20-cv-3377, 2021 WL 1779282 (D.D.C. May 5, 2021); *Tiger Lily, LLC v. U.S. Dep't of Housing and Urban Development*, No. 2:20-cv-02692, 2021 WL 1171887 (W.D. Tenn. Mar. 15, 2021); *Skyworks, Ltd. v. Centers for Disease Control and Prevention*, No. 5:20-cv-2407, 2021 WL 911720 (N.D. Ohio Mar. 10, 2021); *Terkel v. Ctrs. for Disease Control & Prevention*, No. 6:20-cv-564, 2021 WL 742877 (E.D. Tex. Feb. 25, 2021). Plaintiffs are therefore entitled to pursue their claims in this Court. Contrary to the Government's contention, they have no obligation to illustrate irreparable harm in order to pursue a merits decision in this Court on the question of whether the CDC's eviction moratorium is lawful. *See, e.g.*, *Skyworks, Ltd.*, 2021 WL 911720 (setting aside CDC moratorium under APA section 706 despite concluding plaintiffs did not suffer irreparable harm). Nor is the June 30 expiration date of the CDC's current order relevant to the question of a stay of proceedings in this Court. The CDC's order has been in effect since last September and has been renewed three times. There is every reason to believe it will be renewed again and the Government has not said otherwise. The

Government is, in effect, asking this Court to resolve the stay question by deciding, without benefit of briefing or argument, that Plaintiffs will either lose on the merits before this Court or that the Court will conclude the case is moot. But that is wholly inappropriate. This Court should not permit the government to pursue its strategy of delay in order to avoid a decision on the merits.

## ARGUMENT

While the parties agree as to the relevant factors in considering a motion to stay, there is fundamental disagreement as to what showing is required for those factors. Plaintiffs contend that all three factors weigh against the Magistrate Judge's decision to stay proceedings, which would necessarily mean that the Magistrate abused its discretion in granting the stay. Either way, the parties do not merely quibble about the exercise of conferred discretion, but rather differ on the *legal question* of what showing is required under each factor.

Also, the stay factors are not an amorphous ad hoc balancing test. On the contrary, binding authority confirms not just that the burden is on the moving party to prove clear entitlement to a stay, but also that this burden can only be satisfied where the moving party proves that: (1) a stay will not cause prejudice to the non-moving party, and; (2) in the absence of a stay the moving party will suffer significant hardship. Accordingly, the third stay factor is relevant only where the moving party has satisfied the first two factors. And while the Government maintains that all three factors weigh in their favor, their opposition brief does not contest this non-discretionary framework. Nor do they point to any authority suggesting the Court has discretion to issue a stay when doing so would cause prejudice, or in the absence of a clear showing of that proceeding to the merits will cause real hardship.

### I.     The Government Overlooks the Practical Harm of a Stay

The Government argues that there is no prejudice in maintaining a stay because briefing and final judgment cannot wrap up by the end of June. But no one is pushing to have a merits decision in June. At this juncture, Plaintiffs ask only that the stay be lifted so that the parties can obtain a merits decision as expeditiously as possible.

The Government uses the uncertainty of a possible extension of the Order as a strategic weapon to thwart Plaintiffs' undisputed rights to both an interlocutory appeal and a final judgment. Throughout this litigation the Government has avoided saying anything definitive as to whether the eviction moratorium order will be extended or for how long extensions will continue. Instead, they have reserved the option of extending the moratorium order indefinitely in short-term increments. If (and when) the CDC extends the moratorium past June, we can expect the agency will, once again, assert that there is no basis for moving forward with litigation because its moratorium will 'soon expire', even while planning for the contingency of further extensions.

The Government should not be permitted to enlist this Court in its game of whack-a-mole. The harm to Plaintiffs is not simply the threat that they will be unable to obtain a decision on the merits if the stay remains in place, but that they are being improperly prevented from litigating their case when there is no valid reason to delay. The Government blithely claims that Plaintiffs have no entitlement to a judicial decision for its own sake, but this ignores that (1) the eviction moratorium is causing Plaintiffs' harm right now (whether irreparable or otherwise makes no difference at this point in the case); (2) that Plaintiffs' claims are unquestionably valid, given that four other district courts and a panel of the Sixth Circuit have concluded the moratorium is unlawful; and (3) that Plaintiffs unquestionably have standing to pursue their claims.

When there is an active case or controversy the federal court-house doors are open and there is a presumption that an aggrieved party is entitled to a remedy—which requires a resolution of the merits. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("It is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm."). The APA, moreover, requires courts to issue judgment where an agency has acted in excess of statutory authority. 5 U.S.C. § 706 (2)(C). Plaintiffs have no obligation to prove that their harm is irreparable or that they will prevail on the merits in order to be afforded the right to pursue the merits. The Government's argument puts the cart before the horse.

Nor is it relevant that the CDC's current order will expire on June 30. This Court cannot decide that the case is moot until it is clear that the case is, in fact, moot. By speculating (without confirming) that the eviction moratorium will expire, the Government seeks to force Plaintiffs to prove their claim will not become moot, even though the Government is the only party here in the position to predict the eviction moratorium's future. *Cf. Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.").

Moreover, there are exceptional reasons why a decision on the merits is critical for providing practical relief in this case. Should the case be mooted without ever reaching the merits there would remain a significant risk that the CDC would issue a renewed eviction moratorium order later—reigniting the present controversy—if there is a spike in cases, perhaps from a new emergent COVID-19 strain this fall or next year. Accordingly, even if the Government is correct that a party has no right to a merits decision, a stay preventing a resolution on the merits would ultimately be prejudicial to the Plaintiffs.

5

Finally, the Government suggests that a stay is not consequential if the District Court is affirmed in its conclusion that Plaintiffs are suffering no irreparable harm. But here they conflate preliminary injunction standards with the merits. A showing of irreparable harm is, by design, more difficult than a showing of an Article III injury and is appropriate in the context of a preliminary injunction precisely because at that stage the court is making an assessment as to whether immediate judicial intervention is appropriate *before* final resolution of the merits. By contrast, a remedy issued upon a final ruling on the merits is essential for redressing the Plaintiffs' injury. And if the practical effect of a stay is to deny that remedy then there is unquestionably prejudice to the Plaintiffs here.

## II. The Government Identifies No Real Hardship in Producing the Administrative Record and Repurposing Merits Arguments for Dispositive Motions

The Government fails to explain why moving to the merits in this case would be a hardship at all. They take issue only with the prospect that they might be compelled to address the merits in dispositive briefing after submitting the record. But this is no hardship at all. The Government is litigating several cases on the statutory and constitutional authority of the CDC eviction moratorium. It has briefed and argued every issue this case presents and filed the record several times. The notion that having to do one more round of briefing in this case causes the Government some undue hardship is preposterous. It ought to go without saying that defending its laws and regulations in court is part of the Government's job, not some undue irritation that the Government should have to suffer only when it sees fit to explain its actions. That is always true, but is especially true when the Government purports to exercise the authority to shut down evictions throughout the entire nation in the face of several courts that have concluded that it lacks the authority to do so.

### III. The Government Fails to Identify any Legitimate Issue of Judicial Economy in Allowing Continued District Court Proceedings

Plaintiffs have argued that there are no issues of judicial economy here for several reasons. First, the merits proceedings would not be duplicative because those would be decided on the administrative record. Second, if the Court is inclined to uphold the eviction moratorium on the basis of its prior rationale, such an opinion would require minimal judicial resources. And third, if the Court should change its view on the merits, that would not give rise to "duplicative proceedings" or the possibility of "inconsistent rulings," as the Magistrate assumed. The Government does not directly respond to any of these arguments.

Instead, the Government simply asserts that lifting the stay might lead to "significant wasted judicial effort." But that is not so. Just as the District Court will retain discretion to set the briefing schedule upon lifting the stay, the Court will retain discretion in deciding when to decide the merits. This Court controls its own proceedings. Even assuming the merits are fully briefed by the end of August or September, nothing would compel this Court to immediately begin drafting an opinion. As Plaintiffs have suggested already, it's likely in that scenario that the Court might elect to have the parties file short supplementary briefs once the Fifth Circuit renders its decision within a short time thereafter.

## CONCLUSION

The Plaintiffs respectfully urge this Court to reverse the Magistrate Judge's Order dated April 19, 2021.

|  |  |
|---|---|
| DATED: June 1, 2021 | Respectfully submitted, |
| /s/ STEVEN M. SIMPSON | LUKE A. WAKE* |
| STEVEN M. SIMPSON* | DC Bar No. 1009181 |
| DC Bar No. 462553 | ETHAN W. BLEVINS* |
| Pacific Legal Foundation | Washington State Bar No. 48219 |
| 3100 Clarendon Blvd., Suite 610 | HANNAH SELLS MARCLEY* |
| Arlington, VA 22201 | Washington State Bar No. 52692 |
| Tel: (202) 888-6881 | Pacific Legal Foundation |
| SSimpson@pacificlegal.org | 930 G Street |
|  | Sacramento, CA 95814 |
| /s/ JAMES C. RATHER, JR. | Tel: (916) 419-7111 |
| JAMES C. RATHER, JR. | Fax: (916) 419-7747 |
| Louisiana Bar No. 25839 | LWake@pacificlegal.org |
| ALKER & RATHER, LLC | EBlevins@pacifclegal.org |
| 4030 Lonesome Rd., Suite B | HMarcley@pacificlegal.org |
| Mandeville, LA 70448 | *Pro hac vice* |
| Tel: (985) 727-7501 |  |
| JRather@alker-rather.com |  |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: June 1, 2021

*/s/ Steve M. Simpson*